(No. 75-CV-83—

KENNETH J. WEINBERGER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1975.*

KENNETH J. WEINBERGER, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on June 15, 1974, at 4348 Cullom, Cook County, Chicago, Illinois. Kenneth J. Weinberger, a victim of a violent crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70 Sec. 71, et seq.* (hereafter referred to as "*the Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Kenneth J. Weinberger, age 25, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit:

"Aggravated Battery," (*Ill. Rev. Stat., 1973, Ch. 38, Sec. 12-4*).

2. That on June 15, 1974, claimant was shot by unidentified assailants upon entering the scene of a burglary in process at the home of his girl friend. This same criminal action resulted in injuries to other victims which are not discussed in the subject claim.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the victim for the attack upon him by the unidentified burglars.

4. That the victim was hospitalized from June 15 to June 26, 1974, as a result of the injuries he received in

the shooting of June 15, 1974. A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That there is no evidence that the victim and his assailants were related or sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

7. That the claimant was unemployed at the time of his injury and can not show any loss of earnings for the period of his disability.

8. That the claimant incurred medical and hospital expenses which were not covered by insurance benefits, and the gross amount of the pecuniary loss for these items is as follows:

| | | |
|---|---|---|
| 1) | Hospital | $4,295.50 |
| 2) | Medical | $1,160.00 |
| | | $5,455.50 |

9. That there is no evidence that claimant has received any compensation from, local, state or federal funds, insurance of any kind, or from any other source.

10. Pursuant to Sec. 7(d) of the Act, the court must deduct the first $200 of expenses.

11. That the proof submitted in support of this claim satisfies all the requirements of this Act, and the claim is therefore compensable thereunder.

IT IS HEREBY ORDERED that the total sum of

$5,255.50 be awarded to claimant, an innocent victim of a violent crime.

IT IS FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED AND NINETY NINE DOLLARS AND NINETY NINE CENTS) be paid immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $4,255.51 be referred forthwith to the General Assembly for its approval.